**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dawn Marie Marcks,   Case No. 23-cv-1240 (WMW/DTS)

    Petitioner,

v.   **REPORT AND RECOMMENDATION**

United States of America,

    Respondent.

The First Step Act of 2018 (FSA) directs the Department of Justice to create and offer "evidence-based recidivism reduction programs" to prisoners under the care of the Federal Bureau of Prisons (BOP). 18 U.S.C. § 3632(d). Prisoners are encouraged to participate in this programming through various incentives. One of those incentives is that participating prisoners can earn time off their sentences. Specifically, the FSA provides that

> [a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

Petitioner Dawn Marie Marcks believes that this provision of the FSA entitles her to time off her sentence for each *program* completed. For example, in Marcks's view of the FSA, a prisoner enrolled in ten evidence-based recidivism reduction programs simultaneously would earn 10 or 15 days of time credits each month for each one of those classes, or up to 150 credits in total. The BOP, through its regulations, interprets the FSA as requiring credits to be awarded based on days spent in programming, not based on number of programs attended. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, the inmate will earn ten days of FSA Time Credits."). In her petition for a writ of habeas corpus now before the Court, Marcks asks that the Court agree with her interpretation of the FSA and direct the BOP to award substantially more time credits than that agency has awarded to her up to this point.

Marcks is one of many prisoners to offer this challenge to the BOP's interpretation of the FSA. Her interpretation of the FSA has universally been rejected, including repeatedly here in this District. *See Rice v. Segal*, No. 23-CV-0751, Dkt. No. 6 (D. Minn. Apr. 24, 2023); *Sisson v. Segal*, No. 23-CV-0548, Dkt. No. 5 (D. Minn. Apr. 14, 2023); *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at \*5 (S.D. Tex. Mar. 22, 2023); *accord Bray v. Yates*, No. 2:22-CV-142, 2023 WL 2894918, at \*6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-2740, 2023 WL 319955, at \*6 (S.D. Tex. Jan. 19, 2023)). This Court agrees with the analysis found in those cases. Section 3632(d)(4)(A) does not require that the BOP award credits for each *program* completed. Instead, prisoners earn credits for "shall earn . . . time credits for every 30 days of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). A prisoner who participates in one

2

program or many programs simultaneously is equally "participati[ng] in evidence-based recidivism reduction programming," *id.*, and is equally eligible to receive the same amount of time credits. "Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." *Dale*, 2023 WL 2601215, at *5.

This Court does not believe the language of § 3632(d)(4)(A) to be ambiguous in this regard, but even if the language were ambiguous, Marcks would not be entitled to habeas relief unless the regulatory implementation of § 3632(d)(4)(A) by the BOP were an *unreasonable* interpretation of the statute. "The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed *most* reasonable by the courts.'" *Ameren Corp. v. FCC*, 865 F.3d 1009, 1012 (8th Cir. 2017) (quoting *Entergy Corp. v. Riverkeeper, Inc.*, 556 U.S. 208, 218 (2009)). The BOP has interpreted § 3632(d)(4)(A) consistent the reading put forward above—prisoners are awarded credits based on days spent in programming, not based on number of programs attended. *See* 28 C.F.R. § 523.42(c)(1). Regardless of whether this interpretation is required by the text of § 3632(d)(4)(A), "the BOP's interpretation of the FSA credit-accrual formula is clearly reasonable." *Bray*, 2023 WL 2894918, at *6.

This Court therefore concludes that Marcks is not entitled to habeas corpus relief and recommends that her habeas petition be denied.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. The petition for a writ of habeas corpus of petitioner Dawn Marie Marcks [Dkt. No. 1] be **DENIED**.

2. This matter be **DISMISSED**.

Dated: May 9, 2023                        s/David T. Schultz
                                                            DAVID T. SCHULTZ
                                                            U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).