UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dawn Marie Marcks, | Case No. 23-cv-1240 (WMW/DTS) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Michael Segal, Warden, | |
| Respondent. | |

This matter is before the Court on the May 9, 2023 Report and Recommendation ("R&R") of United States Magistrate Judge David T. Schultz. (Dkt. 4.) The R&R recommends denying Petitioner Dawn Marie Marcks's habeas petition. Marcks filed timely objections to the R&R. (Dkt. 7.) For the reasons addressed below, the Court overrules Marcks's objections, adopts the R&R and denies the petition.

## BACKGROUND

The First Step Act of 2018 ("FSA") directs the Department of Justice to create and offer "evidence-based recidivism reduction programs" to prisoners under the care of the Federal Bureau of Prisons ("BOP"). 18 U.S.C. § 3632(d). Prisoners are encouraged to participate in this programming through various incentives. One of those incentives is the opportunity for participating prisoners to earn time off their sentences. Specifically, the FSA provides that a prisoner who successfully completes evidence-based recidivism reduction programming or productive activities shall earn time credits as follows:

> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

Marcks contends this provision of the FSA entitles her to a reduction in the length of her sentence for each program completed. In Marcks's view of the FSA, a prisoner enrolled in 10 evidence-based recidivism reduction programs simultaneously would earn 10 or 15 days of time credits each month for each program, or up to 150 credits in total. The BOP, through its regulations, interprets the FSA as requiring credits to be awarded based on days spent in each program, not based on number of programs attended. *See* 28 C.F.R. § 523.42(c)(1). In her petition for a writ of habeas corpus, Marcks asks the Court to apply her interpretation of the FSA and direct the BOP to award substantially more time credits than the BOP has awarded to her.

## ANALYSIS

The Court reviews *de novo* the portions of an R&R to which a party has objected and "may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A party's objections to an R&R must specifically address the portions of the magistrate judge's report

and recommendation to which objections are made and offer a basis for the objections. *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008).

The Court reviews objections that restate arguments that were made to and considered by the magistrate judge for clear error. *Montgomery v. Compass Airlines, LLC*, 98 F.Supp.3d 1012, 1017 (D. Minn. Mar. 30, 2015). In doing so, the Court does not consider new evidence that was not submitted to the magistrate judge for consideration. *In re Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, No. 15-2666, 2017 WL 137257, at *2 (D. Minn. Apr. 13, 2017) (citing *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)). Absent specific objections, the Court reviews an R&R for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). The Court liberally interprets a *pro se* party's objections. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984).

As Marcks simply restates the arguments made in the habeas petition, the Court reviews the R&R for clear error. Marcks's habeas petition alleges that the BOP is incorrectly calculating the First Step Act time credits that she has earned. However, as the R&R correctly notes, every court that has considered the argument Marcks raises in her petition has agreed with the Bureau of Prisons that inmates earn First Step Act time credits based on the number of days spent in eligible programming in a 30-day period, rather than the number of eligible programs attended in a 30-day period, as Marcks contends. *See* 18 U.S.C. § 3632(d)(4)(A)(i); 28 C.F.R. § 523.42(c)(1). The R&R properly agreed with the rationale of these courts. *See Dale v. Hawkins*, No. H-22-CV-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); *accord Bray v. Yates*, No. 2:22-CV-142, 2023 WL 2894918,

3

at *6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-CV-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)).

The new claims and arguments Marcks presents in her objections, many of which are conditions of confinement claims that are not properly included in a habeas petition, have been waived because they were not raised in her petition. *See Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (concluding that "[t]he district court properly refused to consider [petitioner's] argument . . . because th[e] argument was not presented first to the magistrate judge").

This Court, therefore, concludes that Marcks is not entitled to habeas corpus relief and denies her habeas petition.

Based on the R&R and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.  Petitioner Dawn Marie Marcks's objections to the May 9, 2023 R&R, (Dkt. 7), are **OVERRULED**;

2.  The May 9, 2023 Report and Recommendation, (Dkt. 4), is **ADOPTED**;

3.  Petitioner Dawn Marie Marcks's petition for a writ of habeas corpus, (Dkt. 1), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 27, 2023                         s/Wilhelmina M. Wright
                                             Wilhelmina M. Wright
                                             United States District Judge